UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTURO MORALES,<br><br>            Plaintiff,<br><br>    v.<br><br>CITY OF BAKERSFIELD, et al.,<br><br>            Defendants. | Case No.: 1:15-cv-01652 - ---- - JLT<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS<br><br>ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND |

      Plaintiff Arturo Morales seeks to proceed *pro se* and *in forma pauperis* in this action against the City of Bakersfield, Office Paul Madriz, and Officer Kraig Guinn, asserting the defendants are liable for violations of his civil rights and malicious prosecution. (Doc. 1) For the following reasons, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**, and the complaint is **DISMISSED** with leave to amend.

**I.      Motion to proceed in forma pauperis**

      The Court may authorize the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such person . . . possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). The Court has reviewed Plaintiff's motion, and finds he satisfies the requirements of 28 U.S.C. § 1915(a). Therefore, Plaintiff's request to proceed *in forma pauperis* is **GRANTED**.

///

## II.     Screening Requirement

When an individual seeks to proceed *in forma pauperis*, the Court is required to review the complaint and shall dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2).  A plaintiff's claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## III.    Pleading Requirements

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure.  A pleading must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and... a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).

A complaint must state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  The Supreme Court explained,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 556 U.S. at 679 (citations omitted).  When factual allegations are well-pled, a court should assume the truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth.  *Id.*  The Court may grant leave to amend a complaint to the extent deficiencies of the complaint can be cured by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

## IV.     Plaintiff's Allegations

Plaintiff alleges that on October 15, 2014, Bakersfield Police Officer Madriz "was dispatched to 3508 Starwood Lane regarding a grand theft crime." (Doc. 1 at 2)  The victims "stated that a male and female met with them to sell them a cell phone," but during the course of the meeting, "the male snatched the female victim's cell phone and wallet." (*Id.*)  According to Plaintiff, Officer Madriz used the police department's "Records Management System to identify the suspect, activate a warrant and at a later date arrest the Plaintiff." (*Id.*)  Plaintiff asserts that Officer Madriz "did not give sufficient consideration to the fact that the license plate of the vehicle identified by the victims could not be traced to Plaintiff." (*Id.*)  In addition, Plaintiff alleges he has two 'devil horns' tattooed prominently on his forehead," and "asking the victims if the perpetrator had such a tattoo would have cleared Plaintiff of suspicion." (*Id.*) He contends the search of the database "turned up a name that didn't match the name or description given by the victims of the underlying crime." (*Id.* at 3) Finally, Plaintiff asserts that he "was working at his job when the crime took place," which Officer Madriz would have learned if he "had conducted a thorough investigation." (*Id.* at 2)

Plaintiff reports he was arrested on October 20, 2014 by Officer Guinn, who had "an active warrant" for Plaintiff. (Doc. 1 at 3)  He alleges, "From the time he was arrested at the convenience store, through the time he was booked, he explained to law enforcement that all they needed to do to clear him was to call his work and ask for his time card." (*Id.*)  Plaintiff was "incarcerated for 69 days at the Kern County Lerdo Facility while the case was being adjudicated." (*Id.*)  He alleges the criminal proceedings ended in his favor, when "the charges were dropped" because "evidence that Defendants[] had or should have had all along proved him to be actually innocent." (*Id.* at 9)

Based upon the facts alleged, Plaintiff asserts the defendants are liable for violations of his civil rights arising under the Fourth and Fourteen Amendments to the Constitution of the United States.

### V. Discussion and Analysis

Plaintiff may pursue his claims for violations of his civil rights pursuant to 42 U.S.C. § 1983 ("Section 1983"), which "is a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). An individual may bring a civil rights action pursuant to Section 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

42 U.S.C. § 1983. To plead a Section 1983 violation, a plaintiff must allege facts from which it may be inferred that (1) a constitutional right was deprived, and (2) a person who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

A plaintiff must allege he suffered a specific injury and show causal relationship between the defendant's conduct and the injury suffered. *See Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976). Thus, Section 1983 "requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff." *Chavira v. Ruth*, 2012 WL 1328636 at *2 (E.D. Cal. Apr. 17, 2012). An individual deprives another of a federal right "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do so that it causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In other words, "[s]ome culpable action or in action must be attributable to defendants." *See Puckett v. Corcoran Prison - CDCR*, 2012 WL 1292573, at *2 (E.D. Cal. Apr. 13, 2012).

#### A. Unlawful Arrest

The Fourth Amendment prohibits arrests without probable cause or other justification, and provides: "The right of the people to be secure in their persons. . . against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing . . . the persons or things to be seized." *U.S. Constitution, amend. IV*. A claim for unlawful arrest is cognizable when the arrest is alleged to have been made

without probable cause. *Dubner v. City & County of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001). "Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested." *Ramirez v. City of Buena Park*, 560 F.3d 1012, 1023 (9th Cir. 2009) (quoting *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007)).

In this case, Plaintiff alleges Officer Madriz "obtained the warrant by means of omissions that created a falsehood in the warrant affidavit." (Doc. 1 at 6) Plaintiff explains the defendants failed "to note the mismatching names (Tootie and Tudie), that the license plate of the perpetrator did not match any vehicle registered to Plaintiff or anyone connected to him, and that the victim identification process was the result of Defendant's flawed database search." (*Id.*, emphasis omitted) However, in and of themselves, these claims do not undermine a determination that there was probable cause to arrest him. United States v. Johns, 948 F.2d 599, 606-07 (9th Cir.1991). For example, the difference in spelling of the name is insignificant in that names are often spelled differently. Second, there is no indication that a mugger must drive to the scene of a mugging using his own vehicle. Third, the complaint *concludes* that the identification system was flawed but does not support this conclusion with facts. Though Plaintiff alleges he was not identified through "a reasonable process" and, as a result, "the arrest warrant lacked probable cause," there are no factual allegations demonstrating that the officers' actions were unreasonable. (*Id.*) For example, the complaint does not allege whether his physical description matched the suspect, despite the tattoos, or other factors the officers considered to support the warrant.

Moreover, though he claims there was a falsehood made in the arrest warrant affidavit, he does not allege what fact asserted by the attesting officer was false. Finally, though Plaintiff indicates that further investigation would have revealed that he was not the perpetrator of the crime, once officers have probable cause to make an arrest, they have no obligation to conduct further investigation or to seek corroboration. *Ewing v. City of Stockton*, 588 F.3d 1218, 1227 (9th Cir. 2009). Without such factual allegations, Plaintiff fails to state a cognizable claim for an unlawful arrest, and this claim is **DISMISSED** with leave to amend.

B. **Incarceration**

Post-arrest incarceration is analyzed under the Fourteenth Amendment. *See Rivera v. County of*

*Los Angeles*, 745 F.3d 384, 390 (9th Cir. 2014); *Lee v. City of Los Angeles*, 250 F.3d 668, 683-85 (9th Cir. 2001) (separately analyzing the initial arrest under the Fourth Amendment and the post-arrest incarceration under the Fourteenth Amendment).

The Fourteenth Amendment protects against deprivations of liberty accomplished "without due process of law." *Baker v. McCollan*, 443 U.S. 137, 145 (1979). The Supreme Court has determined conduct that "shocks the conscience" is cognizable as a due process violation. *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)). For example, "a detainee has 'a constitutional right to be free from continued detention after it was or should have been known that the detainee was entitled to release.'" *Lee*, 250 F.3d at 683 (denying motion to dismiss a plaintiff's substantive due process claim because the plaintiff sufficiently alleged that he was incarcerated for one day when the arresting police officers should have known that he was not the fugitive).

Here, Plaintiff fails to allege sufficient facts for the Court to determine whether he remained incarcerated for a period of time after it was determined the charges should be dropped, or when the defendants should have known he was entitled to release. Further, Plaintiff fails to allege whether the state court found probable cause to support the arrest during his arraignment or at a preliminary hearing. Accordingly, Plaintiff fails to state a cognizable claim for a violation of the Fourteenth Amendment and this claim is **DISMISSED** with leave to amend.

**C.    Malicious Prosecution**

In general, "a claim of malicious prosecution is not cognizable under 42 U.S.C. § 1983 if process is available within the state judicial system to provide a remedy." *Usher v. City of Los Angeles*, 828 F.2d 556, 562 (9th Cir. 1987) (citing Bretz v. Kelman, 773 F.2d 1026, 1031 (9th Cir. 1985)). However, "an exception exists to the general rule when a malicious prosecution is conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended to subject a person to a denial of constitutional rights." *Bretz*, 773 F.2d at 1031. To state a cognizable claim for malicious prosecution under Section 1983, the plaintiff must allege "(1) the initiation of criminal prosecution, (2) malicious motivation, and (3) lack of probable cause." *Usher*, 828 F.2d at 562 (citing *Singleton v. Perry*, 45 Cal.2d 489, 494 (1955)).

As discussed above, Plaintiff fails to allege facts sufficient to support his conclusion that the officers lacked probable cause to arrest him. Further, Plaintiff fails to allege facts to support his assertion that "Defendants acted maliciously or for a purpose other than bringing … justice." (Doc. 1 at 9) Consequently, Plaintiff fails to state a cognizable claim for malicious prosecution, and this claim is **DISMISSED** with leave to amend.

### D.     Municipal Liability

As a general rule, a local government entity may not be held responsible for the acts of its employees under a *respondeat superior* theory of liability. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Rather, a local government entity may only be held liable if it inflicts the injury of which a plaintiff complains. *Gibson*, 290 F.3d at 1185. Thus, a government entity may be sued under Section 1983 when a governmental policy or custom is the cause of a deprivation of federal rights. *Monell*, 436 U.S. at 694.

To establish liability, Plaintiff must allege: (1) he was deprived of a constitutional right; (2) the City had a policy; (3) this policy amounted to deliberate indifference of her constitutional right; and (4) the policy "was the moving force behind the constitutional violation." *See Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989)); *see also Monell*, 436 U.S. at 690-92. There are three methods by which a policy or custom of a government may be demonstrated when:

> (1) A longstanding practice or custom…constitutes the standard operating procedure of the local government entity;
>
> (2) The decision-making official was, as a matter of law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of decision; or
>
> (3) An official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate.

*Pellum v. Fresno Police Dep't*, 2011 U.S. Dist. LEXIS 10698, at *8 (quoting *Menotti v. City of Seattle*, 409 F.3d 1113, 1147 (9th Cir. 2005)). Furthermore, a policy may be inferred if there is evidence of repeated constitutional violations for which officers were not reprimanded. *Menotti*, 409 F.3d at 1147.

A policy amounts to deliberate indifference where "the need for more or different action is so obvious, and the inadequacy of the current procedure so likely to result in the violation of constitutional

rights, that the policymakers can reasonably be said to have been deliberately indifferent to the need." *Mortimer v. Baca*, 594 F.3d 714, 722 (9th Cir. 2010) (citing *Oviatt*, 954 F.2d at 1477-78); *accord Canton*, 489 U.S. at 390. To establish deliberate indifference by a government, "the plaintiff must show that the municipality was on actual or constructive notice that its omission would likely result in a constitutional violation." *Gibson,* 290 F.3d at 1186 (citing *Farmer*, 511 U.S. at 841).

Importantly, though Plaintiff alleges the City maintained an unconstitutional policy of failing to train its police officers in proper investigatory techniques, he has not identified the policy or any facts upon which this conclusion is based. Furthermore, he has not alleged any facts to support a finding that the City was on actual or constructive notice of any potential harm caused by the policy. Notably, to support a constitutional claim on such a theory requires a showing the City acted with deliberate indifference to the likelihood the policy would cause harm. *Flores v. Cnty. of Los Angeles,* 758 F.3d 1154, 1158, n. 8 (9th Cir. 2014). The standard for deliberate indifference "is incredibly high; one that requires the plaintiff to establish more than one incident to create a pattern and pervasive violation." *Jaquez v. County of Sacramento*, 2011 U.S. Dist. LEXIS 11165, at *6 (E.D. Cal. Feb. 1, 2011) (citing *Oklahoma v. Tuttle*, 471 U.S. 808, 824 (1985)). As a result, "[l]iability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out that policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). Because Plaintiff fails to plead sufficient facts to support a conclusion that the City had an unconstitutional policy or custom, he fails to state a claim against the City arising under Section 1983.

## VI. Conclusion and Order

Plaintiff has failed to provide sufficient facts sufficient to support his claims. However, the deficiencies identified in this order may be cured if Plaintiff provides additional facts to support his claims. *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987); *see also Lopez*, 203 F.3d at 1128 (dismissal of a *pro se* complaint without leave to amend for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts alleged, and that an opportunity to amend would be futile).

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**;
2. Plaintiff's Complaint is **DISMISSED WITH LEAVE TO AMEND**; and
3. Within thirty days from the date of service of this order, Plaintiff **SHALL** file a First Amended Complaint.

Plaintiff is advised that an amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Thus, the amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. **If Plaintiff fails to file an amended complaint, the action may be dismissed for failure to prosecute and failure to obey the Court's order**.

IT IS SO ORDERED.

Dated:   **November 6, 2015**          /s/ Jennifer L. Thurston
                                        UNITED STATES MAGISTRATE JUDGE